IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KELVIN FRAZIER,

    Petitioner,

v.                                    Case No. 1:18-cv-58-MW-GRJ

E. I. MCCLELAND, et al.,

    Respondents.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate in the custody of the Florida Department of Corrections, initiated this case by filing ECF No. 1, Petitioner's "2241 Habeas Corpus Petition Form to be Used by Prisoners in Actions Under 28 U.S.C. § 2241." Petitioner alleged in his "petition" not only that he is challenging a prison disciplinary action but also that "this is a state civil 1983 civil suite [sic]." As relief, Petitioner sought a Court order directing the state court to appoint Petitioner an attorney. (ECF No. 1.)

Because it was unclear from his filing whether he is actually seeking a writ of habeas corpus, the Court advised Petitioner of the following. To the extent he is challenging his state-court conviction or sentence, he must file a petition under 28 U.S.C. § 2254. If he is actually challenging a

disciplinary action, he must file a petition under § 2241.[1] Regardless of what he is challenging, he must file his petition on the Court-approved form. (ECF No. 2.)

Additionally, the Court advised Petitioner that to the extent he seeks an order directing the state court to appoint an attorney to represent him in his state court case, this Court does not have authority to do so. Petitioner must seek the appointment of an attorney from the state court. The Court also warned Petitioner that if this is the only relief he seeks, his case would be subject to dismissal for failure to state a claim upon which relief may be granted. (*Id.*)

After directions from the Court, Petitioner filed an amended petition for writ of habeas corpus under § 2241 on the Court-approved form. (ECF No. 4.) In his petition, Petitioner states that he is caught between his pending juvenile re-sentencing and his state § 1983 civil action. He also states that the circuit court will not address any of his motions or pleadings.

Petitioner says he needs the federal court to resolve the matter by appointing him counsel and that without the federal court's help, his "health, life, and safety" are in danger. Then, in the relief section, Petitioner

---

[1] Because Petitioner is in custody pursuant to a state-court judgment, his petition would be governed by both § 2241 and § 2254. *Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004).

again states that he requests the appointment of counsel. (*Id.*)

For starters, because Petitioner is not challenging a prison disciplinary action and instead is making challenges to his state court case, Petitioner is not entitled to relief under § 2241. Instead, Petitioner's filing is more properly construed as a motion to appoint counsel to help him resolve his state cases.

As the Court previously advised Petitioner, however, this Court does not have authority to appoint a lawyer to assist him with his state cases. Petitioner must seek the appointment of an attorney from the state court. And because Petitioner only seeks the appointment of counsel, his case is subject to dismissal for failure to state a claim upon which relief may be granted.

Accordingly, it is respectfully **RECOMMENDED** that:

Petitioner's amended complaint, ECF No. 4, should be **DISMISSED**, all pending motions should be terminated, and the case should be **CLOSED.**

**IN CHAMBERS** this 20th day of April 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**